## Lewis *against* Davis.

ON the return to the *certiorari* directed to the Justices' court in the city of *New-York*, the following facts appeared. The defendant in error brought his action against the plaintiff in error, in the court below, to recover his wages as a mariner, on board of a vessel of which the plaintiff was master, on a voyage from *New-York* to *Bayonne*, and back to *New-York*. The plaintiff below claimed his wages at the rate of 20 dollars per month, from the 25th of *May*, to the 25th of *October*, 1806. The defendant pleaded *non assumpsit*, and payment, with notice that he should give in evidence an embezzlement of a part of the cargo, after the arrival of the vessel in *New-York*, a proportion of which was to be charged to the plaintiff. On the trial, the defendant below proved, that a bale of goods, part of the return cargo, was shipped at *Bayonne*, and that the vessel arrived at *New-York* direct from that place, on the 17th day of *October;* that on the 18th she came to the wharf, and on the 19th of *October*, the bale of goods was missing. The crew went on shore on the 18th *October*, and returned on board again the 19th. On the night between the 18th and 19th of *October*, the fore-scuttle was broken open. It appeared, that it was customary, after a vessel has come to the wharf, to permit the

Vol. III.                    C

ALBANY,
Feb. 1808.

Lewis
v.
Davis.

Where the crew of a vessel were permitted by the first mate, in the absence of the master, to go on shore, and the second mate was ordered to return, and take care of the vessel at night, but neglected to do so, and some part of the cargo was stolen out of the vessel, it was held, that the crew were not liable to contribute out of their wages to make good the loss. It seems, that where the loss or embezzlement can be traced to a particular seaman, the rest of the crew ought not to contribute.

seamen to go on shore and stay all night, and that per-- mission would have been given in this case, had it been asked. The first mate of the vessel gave leave to the whole crew to go on shore, but requested the second mate to return and sleep on board during the night ; but he did not return, and the only person that remained on board that night was the cabin boy. It was not pretended that any part of the crew were concerned in the robbery. Upon these facts the court below were of opinion, that the crew were not bound to contribute to the loss, as there was no evidence of any collusion or negligence in them, so as to make them liable where the loss could not be brought home to any one in particular ; and that the loss ought to be borne by the person to whose care the vessel was committed for that night, the rest of the crew having left the vessel by the permission of the first mate ; they, accordingly, gave judgment for the plaintiff.

*Mulligan,* for the plaintiff in error.

*Anthon,* contra.

KENT, Ch. J. delivered the opinion of the court. Ad-- mitting the rule of the maritime law to be, that mariners are to contribute out of their wages to the damages arising from embezzlements by each other, during the voyage, yet if negligence be not imputable to them, and the circumstances of the case do not fix the presumption of embezzlement upon any of the crew, they ought not to contribute. In the case before us, the first mate gave the crew permission to go on shore, requiring only that the second mate should return and sleep on board. The loss ought, in justice, to attach upon the person to whom the care of the vessel was committed for the night. The conclusion which has been drawn against any collusion or negligence on the part of the crew, cannot be said to be unwarranted by the testimony. The mate commands in the absence of the master, and after the decision below upon the facts, (which is equivalent to a verdict) we may well conclude that the master was not on board, and that

the permission given by the mate was competent to justify the crew. If the loss be chargeable to the negligence of the second mate, who ought to have returned on board, I do not think it just or reasonable, that the seamen who remained on shore by lawful permission, should be held to a contribution. *Molloy* does not state the rule on this subject with much precision, nor is he of much authority; but he rather seems to place it upon the ground of fault or negligence in the mariners; (book 2. c. 3. § 9.) and even the limited extent to which he carries it, in this instance, has been recently questioned or denied by the court of *C. B.* in the case of *Thompson* v. *Collins*, (4 *Bos.* & *Pul.* 347.) who were inclined to think that each person ought to answer for his own default. On the other hand, the mutual responsibility of seamen has been carried to a greater extent in the decrees of the district court of *Pennsylvania*, (1 *Peter's Adm.* 243.) and further, I apprehend, than in any of the marine ordinances annexed to the reports of those respectable decisions. Assuming, however, the rule to the extent in which it is laid down in *Molloy*, it is sufficient that the facts in this case did not lead to the conclusion, that the plaintiff below was chargeable with fault or negligence, or that the embezzlement was to be imputed to any of the crew. We are, therefore, of opinion, upon the consideration of the case, that the judgment below must be affirmed.

Judgment of affirmance.